# Richard Roe lessee of Clement Humphreys, Joshua Humphreys and Hannah Humphreys *against* Jacob Humphreys.

S. C. 2 Dall. 223.

All possible contingent titles in lands accompanied with a real interest may be seized in execution and sold by the sheriff.

It is not necessary to hold inquisitions on estates for life, or reversions or remainders previous to a sale by the sheriff.

EJECTMENT for lands in Delaware county, tried at the last May assizes at Chester before M'Kean C. J. and Yeates J. A verdict had passed for the plaintiff, but a point was reserved at the instance of the defendant's counsel. The case was:— Edward Humphreys, being seized of the premises in question, by will dated September 20th 1774, devised the same "to his "sisters Elizabeth and Rebecca during their lives, remainder "to his nephew Jacob Humphreys (the defendant) during life, "and the heirs of his body lawfully begotten, and in default "of such heirs to his nephew Clement Humphreys," (one of the lessors of the plaintiff) "in fee simple."

Rebecca, one of the devisees for life, survived her sister Elizabeth, and died February 2d 1790. During the life of Rebecca, a judgment was obtained against the now defendant, and the premises seized in execution, and were afterwards sold and conveyed by William Gibbons esquire sheriff, to the lessors of the plaintiff for 50l. on the 31st May 1786. The sheriff's deed recited the life estate of Rebecca, and conveyed all the interest of the defendant to the purchasers. A fulling mill and other improvements were on the lands. No inquisition was recited in the sheriff's deed.

Messrs. Rawle, Moses Levy and J. B. M'Kean now contended, that the sale was invalid, no inquest having found that the lands were insufficient to pay the damages and costs, within seven years. This was necessary by the act of 4th *428] Annæ (1 St. *Laws 49, 50) the words of which are "it "shall not be lawful for any sheriff or other officer to "sell any such lands, tenements or hereditaments, which "shall or may yield any yearly rents or profit, beyond all "reprizes, sufficient to pay within the space of seven years, "the debts or damages with costs," &c. If a contrary doctrine should be established, a dry reversion of the greatest value, might be sold for the most inconsiderable sum, without any previous inquiry.

They further contended, that the defendant's interest in these lands, was a mere contingency, and that an estate in lands in possession was only contemplated by the legislature as liable to sale. They admitted, that their construction was not confined to the actual possession of lands, but only to the

[Humphrey's Lessee *v.* Humphreys.]

legal possession. The intention of the law may be inferred from the 2d sect. of the act of 4 Annæ, which directs, that the lands which shall be found sufficient to pay within the term of seven years, the debts and costs, shall be delivered to the plaintiff, until the debts and costs be levied by a reasonable extent; and from the fourth section of the same act, which declares, that the lands sold or delivered shall be quietly and peaceably held and enjoyed by the persons to whom the same shall be sold or delivered, as fully and amply as the original party might, could or ought to do, at or before the taking thereof in execution. It is a well known rule, that statutes derogating from the common law must be construed strictly.

But the peculiar hardship of this case rests in this, that though the sheriff's deed affects to give the purchasers the mere life estate of the defendant, yet it actually strips him of an estate of inheritance. For if he could now make a good tenant to the præcipe, he might vest himself with an estate in fee simple by suffering a common recovery, and thereby possibly procure 1700l. or 1800l. for the lands, which have been sold by the sheriff for the paltry sum of 50l.

The old notion was, and in even Lord Coke's time, that a tenant in tail could not convey an estate longer than for his own life. But it is now settled, that a release or bargain and sale gives a base fee—a defeasible estate voidable by the issue in tail. 3 Burr. 1705. 10 Co. 95. b.

Messrs. Wilcocks and Thomas for the plaintiff.

The first objection made, the want of inquisition, has been newly picked up. It was not the point reserved at Nisi Prius. But it admits of a ready answer. For it has been often held, that it is not necessary to hold inquisitions in the case where life estates have been seized in execution, because of the uncertain*ty of their duration; and the same principle extends to reversions and remainders where they de- [*429 pend on life estates, because no one can ascertain the period of their commencement, and the creditor is not obliged to wait for his debts, until the determination of the particular estates. Which was fully admitted by the whole court.

The defendant took under the will a vested interest, more than a mere contingency. A devise to J of certain lands, when he arrives at the age of 21 years, has been adjudged to be an immediate gift to him, though he is not to have the possession until he comes of age. Dall. 176, 177. A contingent interest or possibility in a bankrupt, is assignable by the commissioners. 3 Wms. 132. Even an executory devise, and therefore a possibility accompanied with an interest, has been adjudged to be transmissible, assignable, descendible and devisable. 3 Term Rep. 93 to 98. And Ashurst J. (Ib. 95) calls such a contingency an "hereditament," one of the terms

[Humphrey's Lessee *v.* Humphreys.]

used in our act of assembly. There is no obscurity in the penning of the act, *reddendo singula singulis.* Reversions and remainders cannot be the subjects of extents: no inquisitions are necessary when they are seized on, and therefore they cannot be delivered to the party. But a purchaser may hold and enjoy such estates as fully and amply as the debtors themselves might or could have done, before they vested in possession. The words of the act are sufficiently extensive to reach such a case.

By the court. This may possibly be a hard case, but we cannot help it. The words* "lands, tenements and heredi-"taments" mentioned in the act of 4 Ann. will surely comprehend the defendant's interest in these lands before the life estates fell in, and such has been the uniform usage under it. The law was made to answer the purposes of a commercial people, and to secure the payment of just debts, and meant to comprehend all possible titles contingent, or otherwise, in lands, where there was a real interest, but not such as that of an heir apparent. If a different construction prevailed, any one by carving his real property into estates tail, might protect them against his children's debts. It may also be remarked, that though the purchasers *have got a good bargain, yet it might have so happened, that by the defendant's dying before the two first devisees for life, they might have lost their money.

\*430]

Judgment *pro quer. per tot. cur.*

Cited in 1 Rawle, 162, to show that a rent charge may be sold on execution; Cited in 1 Rawle, 328; 3 Rawle, 144; 1 Watts, 414; 16 Pa., 150; 68 Pa., 225, to support the proposition that all possible contingent interests in land, accompanied with an estate, property or real interest in the land, are subject to execution; in 2 Rawle, 195, to show that the rights of widows to one third of land taken at appraisement, may be levied upon; in 4 Rawle, 255, to show that if a mortgagee held a real interest under a mortgage in land, either of an equitable or legal character, it would be subject to execution; in 12 Pa., 289, to show that it is not necessary to hold an inquisition in a case where a life estate has been seized in execution.

Referred to in 6 Pa., 298.

Expectancies or contingent interests are not subject to attachment execution, 23 W. N. C., 373; Day *v.* New England Life Ins. Co., 111 Pa., 507; 4 Pa. Sup. Ct. Dig. 107.

* Reversions are comprised under the name of "lands." Gilb. Executions 39. "Tenements" signify any thing of a permanent nature that may be holden. 2 Bl. Com. 16. The words "lands and tenements" in a deed, will pass reversions. Perk. Sect. 414.

Whatever may be inherited is a "hereditament," be it corporeal or incorporeal, real or personal, or mixt. Co. Lit. 6. a. 2 Bl. Com. 16. A rectory will pass by the word "hereditament." Moor, 176 So of an advowson. Dy. 323. b. pl. 30.