## Drake *versus* Brown.   Drake's Appeal.

| 68 | 223 |
| f219 | ¹591 |

1. All possible titles vested or contingent in real estate may be taken in execution, provided there be a real interest in the defendant, legal or equitable.

2. Devise to the wife " all my real and personal estate to manage as she thinks best until my youngest child becomes of age, for the purpose of keeping my family together, and after she becomes of age, if my boys should both live, then that Daniel and Charles shall have all the real and personal estate at that time by paying to my three girls, Nancy, Sarah, and Mary, each of them $300, making $900, and then it is my will that my wife Rachel shall have her living off of my estate as long as she remains my widow. * * * If either of my boys should die leaving no issue, I wish my other son to have all the real and personal estate." Daniel having survived Charles was entitled to the estate, both in possession and remainder.

3. Before the youngest daughter came of age, the sheriff sold Daniel's estate in the land. *Held*, that the purchaser became entitled to it.

4. A purchaser at sheriff's sale to recover possession from the defendant in the execution, need not show more than his deed and the proceedings under which it was made.

5. The $900 to the daughters was a charge on the land, and they were entitled to receive their legacies from the proceeds of the sheriff's sale.

6. Daniel's title being extinguished by the sale, he had no standing to object to the payment of the legacies.

7. He should have objected to the sale of his interest before, not in the distribution of the proceeds.

March 20th 1871.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Pike county*, No. 418, to January Term 1870, distributing the proceeds of the sheriff's sale of the real estate of Daniel V. Drake.

Error to the Court of Common Pleas of same county, No. 117, to January Term 117, to the judgment of that court in an action of ejectment, commenced September 2d 1869, by William Brown, against Daniel V. Drake and Rachel Drake.

[Drake *v.* Brown.]

The land in controversy had been the estate of Ephraim Drake, deceased, who died September 5th 1853, having made his will, proved September 24th 1853. The provisions were as follows: ".I give unto my present wife Rachel all my real and personal estate, so long as she remains my widow, to manage as she thinks best until my youngest child becomes of age, for the purpose of keeping my family together, and after she becomes of age, if my boys should both live, it is my will then that Daniel V. Drake and Charles Drake shall have all the real and personal estate at that time by paying to my three girls, Nancy Eliza, Sarah Ellen and Mary Ann Drake, each of them three hundred dollars, making nine hundred dollars, and then it is my will that my wife Rachel shall have her living off of my estate as long as she remains my widow. N. B. It is my will that if either of my girls should die, leaving no issue, then three hundred dollars to be equally divided between the other two girls. It is my will that my girls should have $900. And if either of my boys should die, leaving no issue, I wish my other son to have all the real and personal estate as above. Lastly, I hereby appoint my wife Rachel executor," &c. Letters testamentary were granted to Rachel Drake. Charles Drake died April 7th 1862, unmarried and without issue.

To February Term 1865, a judgment for $800 was recovered by Daniel M. Van Auken against Daniel V. Drake and Rachel Drake. On the 6th of February 1866, Daniel, claiming to own the land, and he and the widow being in possession, by articles agreed to sell it to Brown, the plaintiff:—this contract Drake refused to carry out. On the 16th of May 1868, the land devised was sold by the sheriff under executions upon the Van Auken judgment, and was purchased by the plaintiff for $2505.

Mary Ann Drake, the youngest child of Ephraim Drake, attained the age of twenty one-years, October 16th 1868. The widow is living, never having married, and is one of the defendants in this case. She and Daniel live on the premises.

On the trial of the ejectment, the court (Barrett, P. J.) charged:—* * *

"At the time of the sale, the widow had in the land only an estate for years to terminate at a fixed period. After its termination, she was to have a living off of it, but would not be entitled to the possession. She is now entitled to the possession. Daniel V. Drake had an estate under the will; an estate in remainder. It was a vested remainder, and was the subject of a levy and sale under the judgment against him. The sheriff's deed conveyed that right to the plaintiffs. After the 16th of October 1868, Daniel V. Drake was entitled to the land in fee simple: true there were conditions that required his acceptance, but can his intention to accept be doubted? He was in the actual possession with his mother. He claimed the land and tried to make sale of it. He was in

[Drake v. Brown.]

possession when the suit was commenced, and is defending under his title obtained through the will of his father. It is not a contest with creditors, but between himself and the sheriff's vendee. The plaintiff has by means of a judicial sale the title of Daniel V. Drake, and as Rachel Drake is not entitled to the possession, the verdict of the jury should be for the plaintiff for the premises in dispute."

The verdict was for the plaintiff.

The proceeds of the sheriff's sale were brought into court and an auditor, September 21st 1868, reported

" To Nancy Eliza Drake ⎫ daughters and legatees of ⎧ $300
To Sarah Ellen Drake  ⎬ Ephraim Drake, deceased  ⎨ 300
To Mary Ann Drake    ⎭                           ⎩ 300

$900"

the remainder to other judgments.

The report was confirmed by the Court of Common Pleas, and from the decree of confirmation Daniel V. Drake appealed. The errors assigned were confirming the report of the auditor and the charge of the court.

*S. E. Dimmick* (with whom was *G. G. Waller*), for plaintiff in error and appellant, cited Baker's Appeal, 9 P. F. Smith 316; McLanahan v. McLanahan, 1 Penna. R. 96.

*G. R. Fox*, for defendant in error and appellee.—" The lien of a legacy charged upon land is discharged by a judicial sale of the land, though the legacy is payable by instalments, some of which are not due at the time of the sale: Hellman v. Hellman, 4 Rawle 440; Nichols v. Postlethwaite, 2 Dallas 131; Tower's Appropriation, 9 W. & S. 104; Barnet v. Washebaugh, 16 S. & R. 410; Randolph's Appeal, 5 Barr 245; McLanahan v. Wyant, 1 Penna. R. 112; Lobach's Appeal, 6 Watts 167. The purchaser takes the land with the charge for the widow: Hamilton v. Overseers, 2 Jones 147.

Daniel took the remainder in fee: Lapsley v. Lapsley, 9 Barr 130; De Haas v. Bunn, 2 Barr 335.

The opinion of the court was delivered, March 30th 1871, by

AGNEW, J.—These cases were heard together, and may be embraced in one opinion. It is the settled doctrine in this state that all possible titles, vested or contingent, in real estate, may be taken in execution and sold, provided there be a real interest in the defendant in the execution, legal or equitable: Rickert v. Madeira, 1 Rawle 329; Humphreys v. Humphreys, 1 Yeates 427; Hunt v. Lithgow, Id. 24; De Haas v. Bunn, 2 Barr 337. The fact, therefore, that Daniel V. Drake's estate was not to take effect until his youngest sister became of age, and that the levy and sale were made a few months before that time, will not render the

18 P. F. SMITH—15

[Drake *v.* Brown.]

sale void. Under his father's will, Daniel having survived Charles, was clearly entitled to the estate when it fell in to him, both in possession and in remainder. It is immaterial whether his interest in the property was vested or contingent, it was liable to his debts, and by the sale of it William Brown, the purchaser at the sheriff's sale, became entitled to it. It is also well settled, that a purchaser at sheriff's sale is not bound to show more than his deed, and the proceedings under which it was made, to recover the possession from the defendant in the execution: Green *v.* Watrous, 17 S. & R. 393, 398; Eisenhart *v.* Slaymaker, 14 Id. 153, 157; Little *v.* Delancey, 5 Binn. 270; Act of 16th June 1836, §§ 106, 109, Purd. 450, pl. 129-132. It is evident, therefore, that Daniel V. Drake, who was in possession of the land at the time of the levy and sale, and also when the ejectment was brought, had no defence to that action. He must yield up the possession to Brown, the purchaser at sheriff's sale.

Judgment is therefore affirmed.

The sum of nine hundred dollars, directed to be paid by Daniel and Charles Drake to their sisters Nancy, Sarah and Mary, was evidently intended by the testator to be charged upon the land devised to Daniel and Charles, or the survivor. They were to have the land *by* paying this sum, and this sum was the share set apart for the girls out of the land, whether all lived or some died. This being the case, the sisters are entitled to receive their legacies out of the proceeds of the sheriff's sale. Clearly Daniel V. Drake, the appellant, has no right to object to this. His title was extinguished by the sale, and the money necessarily must be applied to the encumbrances. If he had any objection to the sale of his interest in the land, it should have been made before, and not in the distribution of the proceeds.

Decree affirmed, with costs.