# Kile, Sheriff, *versus* Giebner.

114  381
120  603
114      381
24 SC ¹177
114      381
217      ¹394

1. A lease of lands for a term of years may be sold on a *fieri facias* as personal and not real property.

2. Fixtures erected by a tenant on the demised premises for the purpose of carrying on his trade, being accessory to the enjoyment of the term are personal property during the continuance of the term.

3. A sheriff cannot be held, in an action of trespass, as upon a seizure and sale of personal goods, for a levy upon and a sale of a leasehold interest in lands, of which certain fixtures and machinery, in this case a stationary saw mill, are essentially a part; for he can have no manual caption of it, so as to take it into his personal custody, and hence is no more responsible for it, than any other interest in real estate.

October 14th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. MERCUR, C. J., and GREEN, J., absent.

ERROR to the Court of Common Pleas of *Mercer county:* Of October Term, 1886, No. 113.

This was an action of trespass *vi et armis de bonis asportatis*, brought by Dr. E. X. Giebner against William Kile, high sheriff of Mercer county, for levying on and selling, as he alleged, a saw mill of his by virtue of a *fi. fa.*, issued against one W. E. McDonald.

The following are the facts of the case as they appeared on the trial before MEHARD, P. J.

Some time prior to 1881, Brown & Foster, who were the owners of the fee of two certain lots of ground in the borough of Sandy Lake, Mercer county, leased them for a term of years to parties by the name of Horrabon & Zedaker, who immediately erected thereon a stationary steam saw mill and the necessary appurtenances. After some time, said Horrabon & Zedaker sold their leasehold with the improvements to W. E. McDonald and L. E. Hogue. Said McDonald & Hogue took possession of the premises in pursuance of their purchase, and engaged in the manufacture of lumber for some time. In the summer or early in the fall of 1881, McDonald & Hogue dissolved partnership.

During the winter of 1881–2, W. E. McDonald became financially embarrassed, and several *fi. fa.'s* were issued out of the Court of Common Pleas of Mercer county against him, and his property seized and sold by the sheriff. Among these was a *fi. fa.* waiving exemption, and inquisition, in favor of Brown & Foster. On this writ the sheriff made the following levy, which is indorsed thereon:

"By virtue of this writ I have, February 16th, 1882, levied upon all right, &c., of defendants, of, in and to their leasehold interest in two lots of ground situate in Sandy Lake boro., Mercer Co., Pa., bounded north by Walnut street, east by Brown & Foster, south by same, and west by same, size 60ft. by 120ft.; on which is erected a stationary steam saw mill, with engine and boiler, saw and log carriage and lumber car, and all other fixtures about same, in good running order."

The sheriff did not disturb any of the fixtures mentioned in the foregoing levy, nor pretend to take manual possession of the premises, as the property was seized and levied upon as real estate or an estate in land.

After due notice of time and place, the sheriff, on the 4th of March following his levy, exposed the premises to sale and sold them to Brown & Foster for the sum of one hundred and forty-seven dollars. The interest of the defendant in the lease-

[Kile, Sheriff, *v.* Giebner.]

hold and improvements was sold as real estate or an estate in land. In pursuance of the sale the sheriff made the following return, which is annexed to the writ:

"By virtue of this writ, after due public and timely notice by me first given of time and place of sale, I did, on March 4th, 1882, on the premises, in Sandy Lake, Mercer county, Pa., expose to sale by public vendue or outcry, the leasehold interest in the piece of land in said borough levied upon by virtue of this writ, with the improvements, and sold the same to Brown & Foster for the sum of $147, they being the highest and best bidders, and that being the highest and best price bidden for the same."

In addition to the return thus made of what he had done by virtue of the writ and levy, the sheriff executed to the purchasers, Brown & Foster, a deed for the premises, describing them precisely in the language used in the levy, and which deed was the ordinary form used by the sheriff in case of a sale of real estate on a *fi. fa.,* waiving inquisition, &c., and duly acknowledged in open court. Defendant offered said deed in evidence for the purpose of showing that the property levied upon was seized and sold by the sheriff as an estate in land or a chattel real. The offer was objected to by the plaintiff " as incompetent, for the reason that it was no part of the official duty of the sheriff to make this deed in such a case, and because the sheriff's levy and return is conclusive evidence in this case of what he sold on the writ," which objection was sustained by the court. (First assignment of error.)

The ground on which Dr. Giebner claimed to recover damages from the sheriff was, that he had bought the saw mill on said leasehold from McDonald the September preceding the sheriff's sale, which, as already stated, took place March 4th, 1882, and that therefore the sheriff had seized and sold his property.

The defendant presented to the court the following points:

1. The court is respectfully requested to charge the jury, that as the alleged trespass and wrongs complained of by the plaintiff consisted of a levy taken by the sheriff of a leasehold interest in two lots of ground situate in Sandy Lake borough, on which was erected a stationary saw mill, etc., and a sale of the same by the sheriff in pursuance of said levy, as shown by the levy and return of sale and indorsed on said writ, the plaintiff cannot recover in this action, as the interest thus levied upon and sold was an estate in land, or a chattel real, and was only for such interest as the defendant in the writ had therein.

Answer. The general rule is as claimed in this request; but the allegation of the plaintiff is, that prior to the time of the levy the defendants in that writ had sold the saw mill to the

plaintiff, and that prior to the sale the plaintiff gave notice to the sheriff that he owned the mill. If this were true, it worked a severance of the mill in legal contemplation, and converted it into personal property; and if the other parts of the plaintiff's claim are established by the evidence, and if after notice of the plaintiff's title to the mill the defendant sold it and put Mr. Foster into possession, then the plaintiff would be entitled to recover. The request is accordingly refused. (Second assignment of error.)

2. That the levy and the sale in pursuance thereof, indorsed on the writ by the sheriff, are conclusive evidence of what was sold, and these show that it was a leasehold interest in land, and therefore the sheriff is not liable by reason of the said levy and sale for the trespass charged in the declaration.

Answer. The levy and sale, as stated by the sheriff's return on the writ in evidence, are conclusive of what was sold; but for the reason given in answer to the foregoing request the balance of this request is refused. (Third assignment of error.)

The court instructed the jury, *inter alia*, in its general charge:

As the improvements which the sheriff mentioned in his levy consisted of the saw mill and its appurtenances, the fair inference is that the improvements which were embraced in the sale meant the saw mill levied upon and described in the levy. The saw mill, then, the sheriff sold as the property of W. E. McDonald. (Fourth assignment of error.)

\*     \*     \*     \*     \*     \*     \*     \*

The question which you are called upon to determine is, whether the plaintiff had a valid title to that saw mill. (Fifth assignment of error.)

\*     \*     \*     \*     \*     \*     \*     \*

In order to do that, the plaintiff must show to you that he received from McDonald & Hogue the possession of this property, and that he took possession of the property according to its nature, and that he had possession of it as against McDonald & Hogue at the time the sheriff levied upon and sold it. (Sixth assignment of error.)

\*     \*     \*     \*     \*     \*     \*     \*

You will in the first place inquire whether in fact there was a sale made in good faith by W. E. McDonald to the plaintiff in this case. (Seventh assignment of error.)

\*     \*     \*     \*     \*     \*     \*     \*

If you find that there was such a sale, then did the plaintiff in this case take possession as that property would admit of, considering its nature? (Eighth assignment of error.)

[Kile, Sheriff, *v.* Giebner.]

Verdict for the plaintiff in the sum of $373.88, and judgment thereon; whereupon the defendant took this writ and filed the above assignments of error.

*B. Magoffin,* for plaintiff in error.—It was proper for the sheriff to make and deliver a deed for the leasehold sold, and having done so it was competent evidence: Dalzell *v.* Lynch, 4 W. & S., 255; Williams *v.* Downing, 6 Harris, 60.

A sheriff who, having levied upon all the right, title, etc., of a defendant in a leasehold estate in land, and sold the same in pursuance of such levy, cannot be held liable in an action of trespass *vi et armis de bonis asportatis,* because there chanced to be some property on the premises so sold which did not belong to the defendant in the writ: Titusville Novelty Work's Appeal, 27 P. F. S., 103; Sowers *v.* Vie, 2 Harris, 99.

*Miller* (*Gordon* with him), for defendant in error.—The sheriff levied upon the improvements, if such improvements were personal property, if he sold them and put the purchaser in possession, either actually or constructively, and if such improvements belonged to the plaintiff below and not to the defendants in the writ, a trespass was committed by him, for which he was liable in this action.

Mr. Justice CLARK delivered the opinion of the court, November 15th, 1886.

This action of trespass was brought by Dr. E. X. Geibner against William Kile, sheriff of Mercer county, to recover damages for seizing and selling, on 4th March, 1882, a certain saw mill, with engine, boiler, etc., upon a writ of *fieri facias* against one W. E. McDonald. The saw mill was situate upon certain leasehold property owned by McDonald; it was a stationary steam saw mill, permanently attached to the leasehold in the usual manner, and was in the use and occupancy of McDonald, in connection with the leasehold, in the manufacture of lumber, at the time of the levy. Dr. Giebner claims to have purchased the saw mill from McDonald in the month of September preceding the sale, and that the sheriff committed a trespass in afterwards levying upon and selling the same as the property of McDonald.

The sheriff's levy was upon "all the right, title, etc., of the defendants, of, in and to their leasehold interest in two lots of ground in Sandy Lake borough, Mercer county, Pennsylvania, bounded north by Walnut street, east by Brown & Foster, south by same, and west by same; size, 60 ft. by 120 ft.; on which is erected a stationary steam saw mill, with engine and boiler, saw and log carriage, and lumber car, and all other fix-

4 AMERMAN —25

tures about same, in good running order." The sale, according to the sheriff's return, was of "the leasehold interest in the piece of land in said borough, levied upon by virtue of this writ, with the improvements."

It is well settled that a lease of lands for a term of years may be sold on a *fieri facias*, as personal and not real property: Dalzell *v.* Lynch, 4 W. & S., 256 ; Sower *v.* Vie, 2 Harris, 99; Williams *v.* Downing, 6 Harris, 60; Sterling *v.* Commonwealth, 2 Grant, 162. It is equally well settled that fixtures erected by the tenant on the demised premises, for the purpose of carrying on his trade, being accessory to the enjoyment of the term, are also personal property during the continuance of the term : Lemar *v.* Miles, 4 Watts, 330; Church *v.* Griffith, 9 Barr, 118; White's Appeal, 10 Barr, 252.

The "stationary steam saw mill, with engine, boiler," etc., although permanently attached to the land must, therefore, be treated as personal property; but these articles were levied upon as part and parcel of the leasehold,—the whole taken together as a chattel real. The levy was upon the defendant's right, title, etc., in the leasehold, "*upon which* is erected a stationary steam saw mill," etc. ; and the sale was of "the leasehold interest," etc., "with the improvements." The whole property constituted one establishment for the manufacture of lumber, and it was levied upon and sold as such.

The case is in this respect similar to the Titusville Novelty Company's Appeal, 27 P. F. S., 103, where the levy was upon "all the right, title," &c., "of the defendants, of, in and to a certain leasehold estate situate " &c., "together with the oil wells, engines, boilers, engine houses, derricks " &c., &c., "and all the machinery and fixtures belonging to said well and lease." The levy was not made by actual seizure, or in view of the property, but in the manner and form of levying upon real estate ; this court was of opinion, however, that the leasehold was such property as was not susceptible of seizure by the sheriff; that the officer could have no manual caption thereof, so as to take it into his personal custody, and hence he was no more responsible for it than for any other interest in real estate. It was thereupon held, that the levy was good, and that the writ was entitled to the money in preference to a later writ, upon which the levy was made on the leasehold, the derricks, the engine, &c., &c., separately and in view thereof, as upon purely personal chattels.

The doctrine of that case is applicable here. The sheriff sold all the right, title, interest, &c., of the defendants in the leasehold, describing it by the adjoiners, of which the fixtures, machinery, &c., were essentially a part. The property sold was an interest, a chattel interest it is true, but nevertheless

an interest in realty, that was not susceptible of actual seizure; and the saw mill, engine, &c., were not severed in the levy and sale, but were sold as appurtenant thereto. Whether or not the sheriff might, in the levy and sale, have effected such a severance is a question not raised upon this record, and need not be decided; the fact is that he did not, and he cannot be held on trespass as upon a seizure and sale of personal goods.

The judgment is reversed.