## Estate of Jacob Palm, Deceased. Appeal of Levi Brumbach.

*Practice, O. C.—Legacy charged on land—Act of* 1834.

Application to enforce payment of a legacy charged upon land under the Act of February 24, 1834, P. L. 70, must be made by the personal representative of the deceased legatee and not by his widow.

*Will—Sheriff's sale divesting charge on land.*

Where land is devised to Isaac charged with a legacy, the interest whereof is to be paid to M. for life and after death of M. said legacy is to be paid to the three children of testator of whom Isaac was one, a sheriff's sale of Isaac's interest passes his estate including his remainder in the legacy.

Argued Nov. 16, 1899. Appeal, No. 180, Oct. T., 1899, by Levi Brumbach, from decree of O. C. Berks Co., directing payment of legacy charged on land. Before Rice, P. J., Beaver, Orlady, W. W. Porter, W. D. Porter and Beeber, JJ. Reversed. Opinion by Beaver, J.

Petition under act of February 24, 1834, to enforce payment of legacy charged on land. Before Bland, P. J.

It appears from the record that Jacob Palm devised certain real estate to his son Isaac charged with the payment of the interest of $400 to Molly Grimes during her lifetime or widowhood, the principal to be paid upon her death or marriage to and among testator's three children, Isaac, Ellen and Henry. Isaac's interest in the real estate was sold by the sheriff on the

judgment and purchased by said Molly Grimes. After her death proceedings in partition were had and by a subsequent conveyance the estate became vested in Levi Brumbach. Molly Grimes died July 13, 1890. On October 21, 1891, after proceedings in partition the premises passed by conveyance to the said Brumbach. On March 9, 1899, a petition was filed under the act of 1834 by the widow of Isaac and the administrator of Ellen and forced payment of their shares of the legacy. The other child, Henry, did not join in the proceedings.

Upon hearing on bill, answer and proofs the court entered the following decree:

[And now, July 6, 1899, this cause having come before the court on petition, answer and testimony, it is ordered, adjudged and decreed, that the said premises devised to Isaac Palm, by the will of Jacob Palm, were charged in the devise, with a lien of $400 during the lifetime or widowhood of Molly Grimes, the interest whereof was payable to the said Molly Grimes during her lifetime, and the principal at her decease or remarriage to Isaac Palm, Ellen Palm and Henry Palm; that at the decease of Molly Grimes, July 13, 1890, the said $400 remained charged, and still remains so charged, on the premises in the hands of their present owner, Levi Brumbach; that the amount due upon the charge is the sum of $400, with interest from July 15, 1890, $216; and that the same is payable in equal portions to John W. Ernst, administrator of Ellen Ernst, deceased, the personal representative of Isaac Palm, and to Henry Palm. And it is further ordered and decreed that Levi Brumbach pay the said amounts to the persons entitled thereto within thirty days from the entry of this decree; the costs of this proceeding to be paid by Levi Brumbach.] [4]

Levi Brumbach appealed.

*Errors assigned* were (1–3) in decreeing payment on one third of $400 to the administrator of Ellen and one third to the personal representative of Isaac, and one third to the personal representative of Henry. (4) In entering the decree, reciting same.

*Isaac Hiester*, with him *Frank S. Livingood*, for appellant.—
The first objection to this portion of the decree (second assign-

ment of error) is that there was no personal representative of Isaac Palm in court demanding payment: Weiler's Est., 169 Pa. 66.

The same objection applies here (third assignment) as to the decree in favor of the personal representative of Isaac Palm, deceased. Henry Palm made no claim for any portion of the charge nor did any one claim for him. The decree in his favor did not even result from the solicitation of a stranger.

The principal of the charge was due at Molly Grimes's death. It was important for the security of accepting heirs or purchasers that the claim of all persons in connection with the charge should be definitely known. The distribution of the valuation money was publicly made by the orphans' court, under the supervision of eminent counsel, with the knowledge and implied assent of all parties now claiming, and the property subsequently came into the hands of the present owner at a public sale without any claim being made by these claimants.

*Herbert R. Green*, with him *Henry D. Green*, for appellees.— Isaac's interest in the fund was personal property. It could not be bound by a lien on a judgment against him. It would not pass by sheriff's sale of the land. Under such circumstances there is a presumption that no merger took effect: Hartzell's Est., 188 Pa. 384.

OPINION BY BEAVER, J., April 23, 1900:

Jacob Palm by his will disposed of his real estate as follows: "I direct, and it is my will, that my son Isaac shall have my house and lot which I now occupy at Sinking Spring, containing about one-half an acre of ground, with all the appurtenances belonging thereto, at the sum of four hundred dollars, the interest whereof is to be paid annually to Molly Grimes during her lifetime or widowhood . . . . and, upon her death or marriage, I direct the said sum of four hundred dollars to be equally divided among my said three children, Isaac, Ellen and Henry Palm, or their lawful issue." After the death of the testator, the interest of Isaac Palm was sold by the sheriff upon a judgment and purchased by the said Molly Grimes. After her death, under proceedings in partition and subsequent conveyances, the estate became vested in the present appellant. The

administrator of Ellen and the widow of Isaac petitioned the orphans' court, under the provisions of the 59th section of the Act of February 24, 1834, P. L. 70, to enforce the payment of the amount alleged by them to be charged upon the land devised to Isaac. It seems to be conceded that the amount of $400, directed by the will of Jacob Palm to be divided among his three children, was a charge upon the land; and, if it were not conceded Weiler's Estate, 169 Pa. 66, would seem to decide that question. Henry Palm did not join in the petition and, under the provisions of the act of 1834, supra, it would seem that no one else could petition for him. He is not represented here nor was he in the court below. Upon what ground, therefore, the court made a decree as to his interest we are at a loss to understand. It is alleged that, under the will of Molly Grimes, who was the mother of Henry Palm, his interest, including one half of the interest of Ellen, was directed to be paid and was paid to him. As to this, however, we have no evidence and allude to it only for the purpose of explaining the action of Henry in failing to join in the petition for the enforcement of the legacy charged upon the land devised to Isaac, as provided in his father's will.

As to the interest of Isaac two questions arise: 1. Is the petition of the widow a compliance with the provisions of the act of 1834, supra? 2. Was his interest in the legacy charged upon the land as well as his legal title divested by the sheriff's sale?

The 59th section of the act of 1834, supra, reads as follows: " When a legacy is or shall be hereafter charged upon or payable out of real estate, it shall be lawful for the legatee to apply, by bill or petition, to the orphans' court, having jurisdiction of the accounts of the executor of the will by which said legacy was bequeathed; where upon said court, " etc. It is clear that the widow has no right, under this section, to petition for the application of the remedy provided therein, and it may be doubted whether a payment to her under the decree in this case would discharge the land of the appellant from the lien of the charge upon it, if it in fact existed. The petition in such a case must be presented by the representative of the legatee as was done in Moran's Appeal, 13 Pa. Superior Ct. 251. The decree as to Isaac's interest cannot, therefore, be sustained. But it seems to

us also manifest that, if, as is conceded, the legacy was charged upon the land, all interest which Isaac had therein was sold at the sheriff's sale, at which Molly Grimes became the purchaser, or the lien thereof divested so as to transfer the claim to the proceeds of sale.  The question involved is treated at length by the court below, as depending upon the merger of the two estates which Isaac had in the property, namely, the legal estate devised by the will and the contingent interest which vested in him by the terms of the will also, and the decision of the court below is based in part upon its finding that no merger of these estates took place.  As we view the case, however, it is not exclusively a question of merger.  The two interests may have passed by the sheriff's sale without actual merger.  In Drysdale's Appeal, 15 Pa. 457, in which E. was the purchaser of certain property at sheriff's sale and took the title in trust for himself and others who were creditors interested in the property sold, it is said: "He was a trustee with a beneficial interest of his own, and it is immaterial whether his equitable estate merged in the legal estate or not.  As he had a successor who could execute the trust only by selling the title entire, it may be assumed that it did not, but his equitable estate in the soil remained in him and it is not to be disputed that such an estate may be bound by judgment."  If the amount to be paid by Isaac was a charge upon the land, his interest therein was in the nature of an equitable estate in the land, which vested in him at his father's death, although not payable until the death of Molly Grimes, and liable to the lien of the judgment upon which his entire estate was sold. The court below decided that the payment to be made by Isaac, as provided in the will " was a charge in the title of that indefinite class as to duration which is not divested or in anywise affected by a judicial sale, before the happening of the event which is to determine the intermediate interest and which entitles those having deferred rights to realize the subject of them in possession and enjoyment.  As Magdalena (Molly) Grimes remained a widow until her death July 13, 1890, no judicial sale before that date could disturb the lien of the charge and it was, consequently, unaffected by the sheriff's sale of the estate of Isaac Palm."  As authority for this conclusion, Hart v. Homiller, 20 Pa. 248, is cited, but that case is not only not authority for the position but in effect directly controverts it.

The estate of the remainder-man was in that case expressly excepted by the sheriff at the sale. In the opinion of Mr. Justice LOWRIE, he fully recognizes that the charge was not only a lien upon the estate but that it could have been sold and ought to have been sold by the sheriff, but that the purchaser at the sheriff's sale took it subject to the lien of the charge, because it was expressly excepted. It is said in the opinion: " But it is argued on the other side that it is not a lien on the land in the hands of Hart. Why not? He bought expressly subject to it and his liability cannot honestly be evaded. Grant that the sheriff ought not to attempt to continue liens that ought to be discharged by the sale; still in this case he was not wrong in copying the title as he found it written ; and, when a levy and sale is so made and the deed delivered and accepted in pursuance of it, assuredly the law would be encouraging dishonesty by allowing the purchaser to take the whole title, on performing but a part of the terms on which he bought it. No one can read these terms without seeing that he must have purchased under the expectation that he would have to pay this charge, in addition to his bid." It is nowhere intimated that there was any exception at the sale of Isaac's interest. The amount of the charge was definite, although the time of payment was uncertain. It does not belong to the class of charges indefinite in amount and indeterminate in time, discussed in Bonebrake v. Summers, 8 Pa. Superior Ct. 55 ; 193 Pa. 22, and similar cases. The purchaser at the sheriff's sale in this case, therefore, in our view, became the owner of Isaac's entire estate, including his interest in the amount charged upon the land devised to him, and it became vested by the conveyances which followed in the present appellant. Weiler's Estate, supra, clearly assumes this conclusion to be correct, because, under similar circumstances, the court held therein that the interest of one of the heirs, who was an assignor for the benefit of creditors, and of another, whose interest had been sold at sheriff's sale, were divested by judicial sales by the assignee and sheriff respectively. As to the interest of Isaac, therefore, the decree of the court below is, upon both grounds, erroneous.

As to the interest of Ellen, no question is raised as to the right of her husband, who was the administrator of her estate, to apply for the benefits of the provisions of the 59th section

of the act of 1834, supra.  If the facts alleged by the appellant were clearly shown in the testimony taken in the court below, the question of laches might become of practical importance. There is not enough in the record, however, to enable us to reach a conclusion upon this subject, nor does it appear affirmatively by the testimony that the amount paid to Henry under the will of his mother included his own interest and the half of his sister Ellen's.  We must assume, in the absence of evidence to the contrary, that, so far as this interest is concerned, it has never been paid or divested and is still a charge upon the land in the possession of the appellant.  The decree of the court below, therefore, so far as this interest is concerned, must be sustained.  As to the other interests it is reversed.

In view of the fact that the representative of Ellen made demand upon John S. Grimes, in whom the estate of Molly Grimes became vested under proceedings in partition, for the payment of her interest in the amount charged upon the land devised by the will of Jacob Palm to his son Isaac prior to the date of the proceedings in partition and apparently abandoned the claim, making no subsequent claim upon the said Grimes, and permitted the said property to be sold at public sale to the appellant without notice of his claim, although letters of administration upon the estate of his wife had deen issued to him more than a year previously, we think it would be inequitable to visit the costs of this proceeding upon the appellant. It is, therefore, adjudged and decreed that the decree of the orphans' court be reversed and set aside, so far as it relates to the interests of Henry Palm and Isaac Palm in the legacy charged by their father in his will upon the land now in the possession of the appellants, and that, so far as the interest of Ellen Ernst is concerned, the said decree be affirmed, and that the appellant pay to the administrator of Ellen Ernst the one-third part of the said sum of $400, with interest thereon from the time when the same became payable under the terms of the will of Jacob Palm, to wit : at the death of Molly Grimes, the costs of this appeal to be paid by the appellees.