# Eberly, Appellant, *v.* Shirk.

*Execution—Mortgage—Defeasance.*

Where an owner of land conveys the same to a bank as security for notes, and no defeasance is executed at the time, and subsequently the bank conveys the land to a guarantor of the notes who has paid them, and thereafter the guarantor who has a judgment against the original owner issues execution thereon and sells the land as the land of the original owner, and buys it in, and the proceeds are sufficient to pay all judgments, the guarantor cannot claim the whole proceeds on the theory that the land really belonged to her. In such a case the original owner had an equity in the land, although not enforceable by reason of the Act of June 8, 1881, P. L. 84, and such equity is an interest which any creditor may sell on execution for whatever any purchaser may choose to give for it.

Argued May 19, 1903. Appeal, No. 23, Jan. T., 1903, by plaintiff, from judgment of C. P. Lancaster Co., April T., 1902, No. 4, on case stated in suit of Mary E. Eberly, Administratrix of Adam J. Eberly, Deceased, v. Aaron R. Shirk. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Case stated to determine the ownership of a fund raised by sheriff's sale of real estate.

From the case stated it appeared that A. J. Eberly, Esq., had indorsed A. R. Shirk in the People's National Bank of Lancaster. To protect the bank and Eberly, his indorser, Shirk conveyed his real estate to the bank. The bank soon after executed a defeasance to Shirk to the effect that it held the deed as security for the notes, and would reconvey on their payment. This defeasance never was recorded. Eberly's administratrix paid the notes made by Shirk and indorsed by her decedent, and the bank conveyed the property to her. Having another judgment against Shirk she then issued execution against him, levied on the identical real estate conveyed to her as his property, and exposed at sheriff's sale all his right, title and interest in it. He had several other judgment creditors, who attended the sale to protect their interests, but as her first bid of $2,500 was ample to cover their liens, the property was knocked down to her.

The administratrix claimed the whole fund on the ground (1) that she was the owner of the property she had caused to be sold as Shirk's, and (2) that as she had title to the property before the creditors' judgments were entered, they had no liens on Shirk's interest in it.

The court, in an opinion by LANDIS, J., awarded the fund amongst all the lien creditors of Shirk.

*Error assigned* was the judgment of the court.

*William B. Eberly* and *J. W. Denlinger*, for appellant.

*W. U. Hensel*, for appellees.

PER CURIAM, June 2, 1903:

The questions upon the defeasance and its effect as to the plaintiff's title to the land, raised and argued by appellant, are not in the case. The execution was against the land as the property of the defendant Shirk and what the sheriff sold under it was Shirk's title and interest, good or bad, large or small. At the time of the entry of the judgments, Shirk had an equity in the land which was recognized by the People's National Bank, though it was not enforceable by Shirk as mortgagor, because of the bar of the act of 1881. But it was an interest which any creditor might sell on execution for whatever any purchaser might choose to give for it. The fund produced by the sale therefore represents Shirk's interest in the land sold, and was properly distributed to the creditors having a lien on it.

Judgment affirmed.