## Gordon *v.* Rees et al., Appellants.

Argued March 8, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Forrest J. Mervine,* for appellants.

*C. Edward DePuy,* with him *C. R. Bensinger,* for appellee.

OPINION BY RENO, J., April 11, 1944:

This is a proceeding under the Act of April 20, 1905, P. L. 239, 12 PS §2571 et seq., for the possession of real estate, instituted by the purchaser at a sheriff's sale against the heirs of an intestate judgment debtor. The appeal was taken by the respondents from a judgment in favor of the petitioner upon petition and answer without a jury trial.[1]

---

[1] The judgment was for $3,000; the property was sold at the sheriff's sale for $2,900. The parties stipulated that the appeal

Margaret E. Rees, the intestate, became indebted to the North Wales National Bank on a judgment note. During her lifetime, she was a member of the Paradise Falls Lutheran Association, a Pennsylvania nonprofit corporation having as its object the offering of "healthful retreat and recreation under Christian auspices for Lutheran people, their friends and guests." Membership in the association is limited to Lutherans who, upon written application, are elected by a two-thirds vote of the board of directors. Members, including Margaret E. Rees, received a certificate which *grants* to the member "a license to use and enjoy *perpetually* a certain lot of land" designating by section and lot number *a portion of the whole tract owned and plotted by the association,* with "the privilege of erecting a dwelling thereon." (Italics supplied). The certificate, according to its terms, "may be transferred by the holder thereof in his lifetime, or by his personal representatives after his death." The constitution of the association expressly permits the sale of membership certificates, but provides that no transfer shall be binding upon the corporation until the old certificate is surrendered and an application is made by the purchaser for admission to the association. If, however, the old certificate is not surrendered, the board of directors is authorized to adopt a substitute instrument in writing for preservation with the records of the corporation. The real estate belonging to the association can be sold upon resolution of the board of directors, but no conveyance may be made of any land for which a membership certificate has been issued. The by-laws provide for a commission to be charged where the corporation effects the sale of a membership certificate as agent for its holder; that upon sale of a membership certificate, no new certificate shall be issued to the

---

should be heard and decided by the Superior Court. Act of June 24, 1895, P. L. 212, §7e, 17 PS §189.

purchaser until all the former member's financial obligations to the corporation have been discharged; that a determinable price shall be secured in all certificate sales in which the association acts as agent; and that certificate holders who have ceased to be eligible to membership may continue to receive the benefits of membership, except the right to vote on corporate affairs at meetings of the association.

After the death of Margaret E. Rees, the North Wales National Bank issued a fi. fa., with notice to Gomer C. Rees and Gomer S. Rees, who were the sole heirs of Margaret E. Rees, and respondents in this proceeding. The third respondent, Charlotte S. Rees, is the wife of Gomer S. Rees. The sheriff levied upon all Margaret E. Rees' interest in her lot in the Paradise Falls settlement, together with the improvements, consisting of a dwelling and garage, which she had erected thereon. The decedent's interest in the real estate was sold to petitioner at the execution sale, but there was never any disposition of the membership certificate. Upon failure of respondents to surrender possession of the premises, resort was had to these proceedings, in which the petition has been resisted on the ground that the decedent had no interest in the house and lot subject to execution for her debts.

"The general rule is that all possible interests in land, contingent or otherwise, which are real and substantial, are subject to seizure and sale on execution": 33 C. J. S. Executions §36(a). "It is the settled doctrine in this state that all possible titles, vested or contingent, in real estate, may be taken in execution and sold, provided there be a real interest in the defendant in the execution, legal or equitable": *Drake v. Brown,* 68 Pa. 223, 225. "Accordingly it has been long settled that a judgment is a lien on every kind of *equitable* interest in land. It is a lien on every kind of right, vested in the debtor at the time of the judgment; and on the

*vend. exp.,* the sheriff sells and conveys all his right, such as it may be": *Carkhuff v. Anderson,* 3 Binn. 4, 9.

A great variety of interests in real estate, less than a fee simple, have been considered to be of sufficient substance to be amenable to execution process. The following cases present representative illustrations: *Humphrey's Lessee v. Humphreys,* 1 Yeates 427, (vested remainder in tail); *Auwerter v. Mathiot,* 9 S. & R. 397, (equitable interest of vendee under an agreement of sale); *Streaper v. Fisher,* 1 Rawle 155, (ground rent); *Myers v. Myers,* 8 Watts 430, (settlement rights in public lands); *De Haas v. Bunn,* 2 Pa. 335, (executory limitation not vested in interest at time of sale); *Thomas v. Simpson,* 3 Pa. 60, (interest of widow by intestate laws or devise); *Scheetz v. Fitzwater,* 5 Pa. 126, (rights gained by adverse possession for less than statutory period); *McKissick v. Pickle,* 16 Pa. 140, (right of re-entry upon condition broken); *Kile v. Giebner,* 114 Pa. 381, 7 A. 154, (lessee's interest in leasehold estate); *Greensburg Fuel Co. v. Irwin Natural Gas Co.,* 162 Pa. 78, 29 A. 274, (right to take natural gas); *Eberly v. Shirk,* 206 Pa. 414, 55 A. 1071, (equity of debtor who conveys land as security where no defeasance is executed); *Kenyon v. Davis,* 219 Pa. 585, 69 A. 62, (contingent remainder). Though variously expressed, the guiding principle of these cases is that when property or a right in or to property is salable it is seizable, and that the sheriff can sell upon execution and convey "any property, real or personal, tangible or intangible, which may be sold and transferred by the owners thereof at voluntary sale": *Brennan v. Pittston Brewing Corp.,* 344 Pa. 495, 498, 26 A. 2d 334.

Although the certificate described Margaret E. Rees' interest as a license, it is obvious that she possessed more than a mere personal privilege to do an act or a series of acts upon the land of another, according to the classic definitions of licenses in respect to real

estate: 3 Kent's Comm. 452. She had the perpetual right to use the ground and build upon it for purposes of habitation. She was expressly empowered to bring her friends and guests there for retreat and recreation. She, and, after her death, her personal representatives, could sell her interest to anyone she or they chose; and the right in this regard was unqualified, since the power of approval over new members vested in the board of directors applies only to purchasers, and, for aught that appears, is to be exercised only *after* sales have taken place. The corporation cannot convey the fee to the ground occupied by her so long as her perpetual right of user remains outstanding. Further, all of these incidents would have been unaffected even had decedent become ineligible for continued membership in the association, for the only consequence of ineligibility is a suspension of the right to vote at meetings of the corporation. It follows, that Margaret E. Rees had a real, substantial and salable interest in the house and lot that can be reached by execution. Petitioner purchased, among other things, the privilege of occupying the premises as a residence if he is acceptable to the board of directors of the association; if he is not, he has at least a right to resell that privilege to one who is satisfactory to the board. That the certificate of membership was never sold is immaterial, for the certificate itself is merely the evidence of the privileges and obligations springing from the membership relation. Express provision is made in the constitution for a procedure to be followed where the certificate is not surrendered after a sale has been effected.

These decisive factors sharply distinguish the instant case from *Pancoast v. Gowen*, 93 Pa. 66, and similar cases, upon which appellants place capital reliance. In the stock exchanges, clubs, and beneficial societies to which appellants' authorities relate, no part of the common property of the corporation had been allocated

600

to the member for his exclusive use with a power of sale. Consequently, such members possessed merely a bare personal privilege which the law could not seize and sell. And *Pittsburgh Wagon Works' Estate,* 204 Pa. 432, 54 A. 316, holds only that the interest of a stockholder in real estate held by a trustee for the corporation is personalty and cannot be sold under an execution as real estate.

Appellants' reliance upon the Nonprofit Corporation Law of May 5, 1933, P. L. 289, Art. VI, §608, 15 PS §2851-608, which provides: "Unless the articles or by-laws provide otherwise— ...... (2) No member [of a nonprofit corporation] may transfer his membership or any right arising therefrom" is without merit. As has been pointed out, there were several provisions in the constitution and by-laws of the association relating to, and clearly permitting, the sale of a member's interest, with or without a transfer and surrender of the certificate of membership.

Judgment affirmed.