Parnes *v.* Hibbs, Appellant.

Argued September 14, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Herman H. Greenberg,* for appellant.

*William T. Adis,* for appellees.

OPINION BY WOODSIDE, J., November 11, 1959:

This is an amicable Action to Quiet Title brought pursuant to Pa. R. C. P. 1061(b)(2) to determine whether the plaintiffs had valid liens on premises 333 Elwood Avenue, Philadelphia, Pa.

On September 1, 1944, the Metropolitan Life Insurance Company conveyed the premises to Max Polonsky and Rose Polonsky, his wife, trustees for Ida Polonsky. The trust provided that the trustee had the right to use and occupy or to rent the premises and to pay the income to themselves, and upon the death of the survivor title to the premises was to vest in Ida Polonsky, their daughter. The trustees or survivor had the right to mortgage or sell the premises at any time and to convey title to the purchaser free of all trusts and without liability on the part of the purchaser to see to the application of the purchase money.

The plaintiff, A. W. Parnes, obtained a judgment by confession on January 27, 1954, against Max Polonsky, Rose Polonsky and Ida Polonsky in the sum of $1068.75.

Rose Polonsky died on June 29, 1955. On October 19, 1955, the plaintiff, Meyer Schneider, obtained a judgment against Max Polonsky and Ida Polonsky in the sum of $1400. At that time, Max Polonsky was the surviving trustee having the same rights as he and Rose had jointly prior to her death.

Max Polonsky conveyed the premises to Robert Walsh on August 13, 1957. Walsh was a straw party for Charles C. Hibbs and, by agreement of the parties, Charles C. Hibbs was substituted as defendant for Walsh, who was originally named as defendant.

The case was tried without a jury. The trial judge found that the judgments of the plaintiffs were liens upon the defendant's real estate. After a motion for judgment n.o.v. was refused by the court below and

judgment entered, the defendant took appeals from each judgment which we are here considering together.

The Judgment Lien Law of July 3, 1947, P. L. 1234, §2, 12 PS §878, provides: "Every judgment now or hereafter entered of record and indexed in any court of record in this Commonwealth shall be a lien upon all real property within the county where the judgment is entered, which at the time of the entry and indexing of the judgment is owned by the person against whom the judgment is entered, . . ."

As suggested by Judge DiNUBILE for the court below "the real estate in question was owned by Max Polonsky, Rose Polonsky and Ida Polonsky at the time the Parnes' judgment was entered, or by Max Polonsky and Ida Polonsky at the time the Schneider judgment was entered. In each case the judgment debtors had the complete legal and equitable interest."

Chief Justice TILGHMAN said in *Carkhuff v. Anderson,* 3 Binney 4, 8 (1810), "The lien of judgments has been extended in Pennsylvania beyond the limits of the common law. In England, a judgment is not a lien on an equitable estate. But in as much as we have no court of Chancery, which is resorted to in England, to obtain relief in equitable cases, we have been compelled, in order to obtain equity, to alter the principles of the common law. Accordingly it has been long settled that a judgment is a lien on every kind of equitable interest in land."

"In our Commonwealth," according to 20 P.L.E. Judgments §369, "the lien of a judgment binds real property of the judgment debtor, whether legally or equitable held." See *Palm's Estate,* 13 Pa. Superior Ct. 296, 300 (1900); *Davis v. Commonwealth Trust Co.,* 335 Pa. 387, 392, 7 A. 2d 3 (1939); *Gordon v. Rees,* 154 Pa. Superior Ct. 594, 597, 36 A. 2d 841 (1944); 6 Standard Pa. Practice §355.

When the beneficiary holds the legal title it may always be bound by a judgment to the extent of the beneficial interest covered by it. *Drysdale's Appeal,* 15 Pa. 457, 461 (1851).

The defendants contend that the lien does not attach unless the judgment creditor has issued execution. But it has been said and repeated, that a judgment is a *lien* on an equitable interest in land. See above cases.

Judgments affirmed.