NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1059
_____

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

JOHN SIDDOWAY; SANDRA SIDDOWAY,
                                        Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-09-cv-05599
and 2-07-md-01871)
District Judge:  Honorable Cynthia M. Rufe

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2018

BEFORE:  JORDAN, NYGAARD, and VANASKIE *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John and Sandra Siddoway appeal the District Court's grant of GlaxoSmithKline's ("GSK") motion for summary judgment, dismissing their personal injury suit that arose from John Siddoway's use of the prescription drug Avandia.[1] We will affirm.

The parties agree with the District Court that Utah's learned intermediary doctrine controls the negligence claim.[2] This places a duty on drug manufacturers to warn prescribing doctors of drug risks, rather than patients.[3] The Siddoways' claim draws a causal link between prescriptions for Avandia written by Dr. Dennis Peterson in 2001 and 2002, and two heart attacks that Siddoway suffered in 2003. The case before us centers on what Peterson would have done, with regard to prescribing Avandia, if GSK had provided adequate warning to him then. Specifically, we are reviewing to determine whether the record raises any genuine factual disputes about this.

The Siddoways contend the District Court erred because it failed to credit a particular portion of Peterson's testimony. Peterson testified that he stopped prescribing the drug after learning of a 2007 meta-analysis of 42 clinical trials by Dr. Steven Nissen that associated Avandia with an increased risk of heart attack.[4] The Siddoways highlight that Peterson also said he would have "thought twice" and would have been "much more thoughtful" about prescribing Avandia, and would not have prescribed the drug to

---

[1] This suit was consolidated into *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, No. 2-07-md-01871 (E.D. Pa).

[2] Appellants raised claims of negligence, strict liability, failure to warn, breach of express warranty, breach of implied warranty, breach of implied warranty of merchantability, negligent misrepresentation, a violation of the Utah Consumer Sales Practices Act (Utah Code Ann. 1953 § 13-11-19(2)); and loss of consortium.

[3] *Schaerrer v. Stewart's Plaza Pharmacy, Inc.*, 79 P.3d 922, 928 (Utah 2003).

[4] A. 139. The analysis prompted the Food and Drug Administration to issue a safety alert in 2007. A. 060-61.

Siddoway "in the middle of all of these heart attacks" if he knew this information in early 2003.[5]  This matters, they say, because their burden of proof is tied to whether the physician would have "taken added precautions" to avoid injury, and not just whether he would have changed his decision to use Avandia.[6]  They argue Peterson's statements raise material questions on causation.  This is so because, at the very least, it suggests to them that he would have done something different when he prescribed Avandia to Siddoway if GSK had warned him with information like what came to light in the 2007 meta-analysis.  We are not persuaded by this argument.

Again, the undisputed record shows that Peterson prescribed Avandia to Siddoway between July 2001 and May 2002, one year before he had his first heart attack.  Peterson testified only that he would have been "much more thoughtful" and would have "thought twice" about prescribing Avandia to Siddoway if he knew in early 2003 the risk information that arose in 2007.[7]  The vague and highly speculative nature of Peterson's testimony suggests no concrete action and it is tied to hypothetical knowledge in 2003, which is irrelevant to this cause.  Therefore, it could not ground any reasonable inference about what he would have done in 2001 or 2002.  Peterson does say that he would not have prescribed Avandia "in the middle of all of these heart attacks."[8]  But this makes it

---

[5] A. 154.  GSK complains that the Siddoways waived any argument based on this testimony because they did not cite this portion of Peterson's deposition in their response to the motion for summary judgment.  But this testimony is part of the same deposition that both parties referenced in their briefs to the District Court.  We will therefore consider it.

[6] *House v. Armour of America, Inc.*, 929 P.2d 340, 346 (Utah 1996).

[7] A. 154.

[8] *Id*.

impossible to draw any reasonable inference about what he would have done in the circumstances he actually faced in 2001 and 2002, before the heart attacks happened.

Finally, as the District Court explained quite well, Peterson's testimony also includes statements about what he would have done in 2001 and 2002 had he known the information available in 2015, the time of his deposition. By that time, the Food and Drug Administration removed the link between Avandia and an elevated risk of heart attack.[9] Peterson declared that the information on the drug in 2015 matches what he believed was true in 2001 and 2002. As a result, if he possessed this information at that time Peterson said he would have made the same choice to prescribe the drug to Siddoway.[10]

The District Court correctly concluded that the record did not present a factual dispute on causation, and properly dismissed Appellants' negligence and failure to warn claims. Moreover, recognizing that the causation issue was common to all of the Siddoways' claims against GSK, it also correctly dismissed the remainder of the lawsuit.

For all of these reasons, we will affirm the order of the District Court.

---

[9] A. 160.
[10] *Id.*

4