### Jimmy Rea Electronics, Inc. v. Maitilasso

*Albert Z. Bogert*, for plaintiff.
*Clarence B. Turns, Jr.*, for defendant.

CALDWELL, *J.*, April 6, 1981—Defendant, Anthony J. Maitilasso, has moved to open or strike an Ohio judgment that has been entered in Dauphin County pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. §4306. For reasons discussed herein we deny defendant's petition.

This case is particularly troublesome in that the documents available for review are few. We are limited to defendant's petition, plaintiff's reply and

new matter, and the praecipe, docket entries from Ohio, and plaintiff's affidavit.[1] Defendant alleges many facts in his brief that are not a part of the record, having never been supported by affidavit or by discovery in the form of depositions, interrogatories, and the like. Unfortunately, we are unable to consider these matters. The facts we can consider are restricted to the following: Plaintiff and defendant entered a contract in January of 1979 under which defendant was to purchase certain video and camera equipment from plaintiff; defendant returned the equipment in April of 1979, and plaintiff filed suit against defendant to recover moneys allegedly due on or about September 12, 1979 in the Municipal Court of Franklin County, Ohio. On September 27, 1979 defendant received actual notice of this action by certified mail, along with a copy of the complaint. Defendant did not respond and a default judgment for $3,538.55 was taken in Ohio on November 8, 1979. That judgment was subsequently entered by plaintiff in Dauphin County in February of 1980. Defendant filed his petition to open the judgment on April 17, 1980.

One of the most recent cases addressing the Uniform Enforcement of Foreign Judgments Act is Everson v. Everson, 264 Pa. Superior Ct. 563, 400 A. 2d 887 (1979). That case states the general rule governing foreign judgments entered in Pennsylvania at 571-572:

"The Uniform Enforcement of Judgments Act . . . provides that any foreign judgment of a court of the United States or of any other court requiring the

---

1. These latter documents are required for entry of the judgment here in Dauphin County. See 42 Pa.C.S.A. § 4306(b) and (c)(1).

payment of money shall be entitled to full faith and credit so long as the procedures for filing such judgment in Pennsylvania have been met. 12 P.S. 921, 922.[2] Since appellee complied with the technical filing requirements of the Act the judgment is valid unless some particular overriding reason exists which would require us to deny full faith and credit to the judgment. Judgments transferred under the Act are to be given full faith and credit and the Act does not entitle a party to raise any and all defenses which destroy the full faith and credit obligation. Morris Lapidus Assoc. v. Airportels, Inc., 240 Pa. Superior Ct. 80, 361 A. 2d 660 (1976). A lack of jurisdiction on the part of the court which originally awarded the judgment or a lack of due process on the part of that court are reasons why the principle of full faith and credit would be denied and the subsequent Pennsylvania judgment stricken."

Applying the ground rules of Everson, we find that the technical provisions of the filing requirements have been met with regard to entry of the present judgment in Pennsylvania. We agree with plaintiff's position that Pa.R.C.P. 237.1 is inapplicable to a judgment transferred from another jurisdiction, but instead speaks to the entry of a default judgment taken initially in Pennsylvania. As stated in the commentary, the purpose of the Rule was to prevent "snap" judgments from occurring without prior notice and thereby reduce the number of petitions to strike or open.

In the present case we are not dealing with a

---

2. The act, 12 P.S. §§ 921 and 922, is substantially reenacted in section 4306 of the Judicial Code as the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306.

"snap" judgment but with a transferred Ohio judgment which defendant concedes he knew had been entered against him by an Ohio court. That judgment was not entered in Ohio until six weeks had elapsed after defendant personally received the Ohio complaint by registered mail. Pa.R.C.P. 237.1 cannot be applied to the present case since there was already a judgment against defendant and he could have done nothing in Dauphin County that would have had any import until after the judgment was entered here. Rule 237.1 addresses the prejudgment situation, and defendant was beyond that stage after November 8, 1979 when judgment was taken in Ohio.

Numerous Pennsylvania cases have established that a petition to open judgment must be denied unless three factors are present: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." McCoy v. Public Acceptance Corp., 451 Pa. 495, 498, 305 A. 2d 698, 700 (1973), quoted in Kophazy v. Kophazy, ＿＿ Pa. Superior Ct. ＿＿, ＿＿, 421 A. 2d 246, 247 (1980). This principle was recently affirmed in the case of Sharon Hill Contracting Co. v. Recreational Equip. Unlimited, Inc., ＿＿ Pa. Superior Ct. ＿＿, 425 A. 2d 447 (1981), in which the appellate court reversed the trial court's granting of a petition to open.

The Sharon Hill case emphasizes that if any one of the three required factors is not present, opening judgment is improper: Id., at 449. Therefore, we must examine the situation before us for the presence of the three requisite factors. We will concede

the timeliness issue for purposes of our discussion even though the judgment in question here was entered of record in Dauphin County on February 26, 1980, and the petition to open was not filed until April 17, 1980. As previously indicated, the lack of supporting documents in this file has rendered it impossible for us to determine when defendant learned of the entry of this judgment in Pennsylvania.

Even giving defendant the benefit of this doubt, defendant has not demonstrated that his failure to appear or file a timely answer in Ohio is excused. It appears from defendant's brief that at all times applicable to this matter he had counsel, and that his counsel received the first communication from plaintiff's local counsel that the Ohio judgment had been entered there in 1979 and transferred here in 1980. The fact that defendant had an attorney would certainly be persuasive that he could have acted to protect his rights when he first was served with the complaint and notice from Franklin County, Ohio. Since the allegations of the brief are not part of the record, however, we must look for any matter that would excuse his failure to respond to the Ohio action. We can find none.

Defendant has filed nothing by way of an affidavit or any other recognized means to show that he should be excused for his inaction. Furthermore, the support defendant seeks to offer in his brief would be inadequate even if given under oath, since he merely alleges that he did not have the financial resources to go to Ohio and litigate the matter.

Obviously the present case is not on a par with those in which relief has been granted where procedural rules requiring a warning have been side-

stepped. See, e.g., Cruse v. Woods, _____ Pa. Superior Ct. _____, 420 A. 2d 1123 (1980); Slaughter v. Gruntz, 227 Pa. Superior Ct. 164, 323 A. 2d 152 (1974). In Epstein v. Continental Bank & Trust Co., 260 Pa. Superior Ct. 522, 526, 394 A. 2d 1049 (1978), the court reiterated the requirement "of satisfactorily explaining . . . failure to answer the complaint . . ." In view of the fact that no explanation was given, defendant has failed to meet the second requisite to opening a judgment.

We need not labor the third element of showing a meritorious defense. We note that the petition to open is inadequate in this respect also, as it simply makes the bare allegation that "constitutional, statutory, procedural, and meritorious defenses" exist (Paragraph 10 of Petition to Open Judgment). Conclusory assertions of this nature must be discounted, particularly in a fact pleading jurisdiction. No facts have been set forth from which we can determine the existence of these rather shadowy defenses. Defendant's brief discusses possible jurisdictional defenses, but without affidavits, depositions, interrogatories, and the like, we are compelled to find that defendant has not alleged a meritorious defense, as contemplated by Pa.R.C.P. 2959.

On the basis of the foregoing, defendant's petition to open judgment must be denied.

## ORDER

And now, April 6, 1981, defendant's petition to open or strike the judgment entered herein is denied.