## Tyson v. Tyson

*James J. Conlin,* for plaintiff.
*Richard F. Flickinger,* for defendant.

HUDOCK, *J.,* April 13, 1981 — These cases involve a Michigan Divorce Decree filed as judgments in Westmoreland County against Westmoreland County property in the name of defendant, Thomas D. Tyson. The matter is before the court en banc on exceptions filed by plaintiff's attorney to the order of court dated August 8, 1980 adopting the recommendations of the Commissioner, Richard J. Baumgardner, Esq. which dismissed the petition to open judgment, but further held that: "it is further ordered that the judgment of the Circuit Court for the County of Oakland, State of Michigan, Barbara E. Tyson v. Thomas D. Tyson, No. 76-146977DM as

it effects Pennsylvania property is hereby stricken for lack of subject matter jurisdiction of the Michigan courts to deal with said property." Plaintiff's exceptions are set forth in Paragraph Six of her timely exceptions to order of court.

a. The order of the Michigan court, entered with personal jurisdiction over defendant, was an in personam order directing the payment of money, i.e. one-half of the proceeds from the real estate sale. As such, it is entitled to full faith and credit in Pennsylvania;

b. For the reason set forth in 6a, the order of the Michigan court is in personam, not in rem, which is the basis for striking the judgment;

c. At the time of their divorce, plaintiff and defendant held the real estate described in the "property settlement" portion of the order of the Michigan court as tenants by the entireties. Their divorce, entered in Michigan and Pennsylvania, converted their holding to a joint tenancy in common as set forth in the foreign order.

The "statement of facts" contained in the Commissioner's Report are a concise and accurate statement of the facts of this case and are hereby incorporated by reference.

If one or more of the following three jurisdictional elements are absent, a judgment will be void on its face: "the Courts jurisdiction of the parties; the Courts jurisdiction of the subject matter; or the power or authority to render the particular judgment." Roberts v. Gibson, 214 Pa. Super 220, 251 A.2d 799 (1969).

By jurisdiction over the subject matter, it is meant the nature of the cause of action and of the relief sought; and this is conferred by the soverign authority which organizes the court, and is to be sought for in the general nature of its power where

an authority is especially conferred. Mid City Bank and Trust Co. v. Myers, 343 Pa. 465, 23 A.2d 420 at 423 (1942).

A judgment or decree rendered by a court which lacks jurisdiction of the subject matter is null and void and subject to attack by the parties in the same court or may be collaterally attacked at any time and stricken off for want of jurisdiction in the court rendering it, where such want is apparent on the face of the record. Commonwealth ex rel Howard v. Howard, 138 Pa. Super 505, 10A.2d 779 (1940); Romburger v. Romburger, 290 Pa. 454 (1927).

The opening paragraph of the commissioner's report states "upon agreement of the parties the matter was heard by the Commissioner on submission of briefs. The following facts were stipulated to by the parties." The report then relates the statement of the facts. Plaintiff's exceptions do not directly contradict that there was an agreement that the commissioner decide the case on the submission of briefs, or that his statement of the facts as a stipulation was not agreed to, or was inaccurate. Plaintiff's third exception consequently has no basis in fact. Plaintiff's brief in support of that exception argues that even though defendant was the sole grantee by deed prior to the marriage, the joint mortgage indicates that defendant did not intend to maintain the real estate as his separate property, and that during the course of the marriage the parties possessed and used the property and contributed to its maintenance and up keep and that it consequently was entireties property. Plaintiff has not laid a factual foundation for such an argument. Moreover, even assuming that such facts were presented, it does not necessarily lead to the result that the property was entireties property. The only legal precedent cited by plaintiff is DiFlorido v. DiFlorido, 459 Pa.

641, 331 A.2d 174, (1975). The clear language of that case and subsequent case law demonstrates that it was limited to "household goods and furnishings". Henqst v. Henqst, 269 Pa. Super 110, 409 A.2d 88 (1980).

Exceptions (a) and (b) reduce themselves to the following single issue: was the decree of Divorce of the Michigan court, where entered with personal jurisdiction over a non-resident defendant, an in personam order directing the payment of money, i.e. one-half of the proceeds from the sale of the Pennsylvania real estate and thus entitled to full faith and credit in Pennsylvania or was it an "in rem" order where the court had no jurisdiction over the property?

There is no real dispute that the Michigan court had jurisdiction over the person of defendant and that it had jurisdiction to enter a decree of divorce. The real question is its authority to deal with the Pennsylvania property held only in the name of defendant. All of these actions occurred prior to the adoption of the Divorce code of 1980 by Pennsylvania, which has drastically changed the distribution of property in Pennsylvania upon the entry of a Decree in Divorce. In an action in personam, the state ordinarily has no jurisdiction beyond its confines, while in an action in rem, it may acquire jurisdiction by reason of the presence of property, notwithstanding that Defendants may be beyond the state. But in an action in rem, the decree or judgment affects the property only. Mid City Bank and Trust Co., v. Myers, supra. Generally a court may adjudicate in rem or quasi in rem with respect to lands within its territorial jurisdiction. Alpern v. Coe, 352 Pa. 208, A.2d 542 (1945). However jurisdiction of another state court over the person of a

defendant does not give it jurisdiction in rem over his property located outside that other state; the basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state. Whitmer v. Whitmer, 243 Pa. Super. 462, 365 A.2d 1316, (Citing cases at 1319). In short, since the real estate was in Pennsylvania and not in Michigan, the Michigan court cannot acquire the authority to distribute this property, even though it had jurisdiction over the person of an individual defendant.

Interestingly enough, defendant and plaintiff both rely on Whitmer, but interpret it differently. In Whitmer the wife filed a divorce action in Florida against the Pennsylvania husband. Defendant husband was personally served with notice of suit, retained Florida counsel who then entered a general appearance and a contest on the merits and accepted service of pleadings. A stipulation and trust agreement was signed by both parties wherein a Pennsylvania attorney was named as trustee to sell the assets of defendant's Pennsylvania business and distribute the proceeds as the parties might further agree or by court order. A final judgment was entered stating: "This judgment shall *act as a conveyance* to the Petitioner of the property awarded to her in this Paragraph 4." (Emphasis added.) The husband did not appeal. The wife then filed a petition for the appointment of a trustee to partition jointly owned property in Pennsylvania pursuant to 12 P.S. §1791. The Superior Court held that the Florida court did not have authority to proceed in rem against the husband's Pennsylvania property by purporting to make a conveyance of a one-half interest in it to the wife and thus was not entitled to full faith and credit.

Plaintiff relies on the following language:

Having personal jurisdiction over appellee, the Florida Court might have ordered appellee to convey a one-half interest in his Pennsylvania property to appellant, and if necessary, enforce its order by contempt proceedings. Whitmer v. Whitmer, Supra at 1319.

Plaintiff argues that since the Michigan court had personal jurisdiction over defendant and ordered him to make a disposition of the Pennsylvania property and distribute the proceeds, it is a personal order for the payment of money and thus entitled to full faith and credit. A money judgment, entered with personal jurisdiction, is proper and entitled to full faith and credit. Stewart's Estate, 334 Pa. 356, 5 A.2d 910 (1939).

The order specifically states that the property "shall be held as tenants in common between the parties hereto and that said home and property shall be offered for sale forthwith and sold at the best available price." Nowhere in the order is ther an award of a specific amount of money. Consequently, it cannot be construed to be a money judgment. Its clear intent is stated as follows: "it is further ordered and adjudged that from the proceeds of the sale the money shall be applied in the following order:

1. "The costs and expenses incurred in the sale and the real estate commission, and points if any.

2. The balance of the net proceeds shall be divided equally between the parties, for them to share and share alike."

The order for the payment of money is limited to this property only and consequently acts only against this property. As such it is an in rem order. It is important to distinguish the instant case from a situation where a forum court has property within its jurisdiction, and makes an order for the payment

of a specific amount of money. That order could be transferred to Pennsylvania and enforced against property even in the name of defendant alone. Everson v. Everson, 264 Pa. Super. 563, 400 A.2d 887. However, the present case does not show any entireties, joint, or marital property in Michigan to create the basis for an Everson situation. Rather, it appears to be an attempt to take Pennsylvania property and turn it into community property because defendant subjected himself to the personal jurisdiction of the Michigan court. Real estate is not movable and must be subject to the law of its situs. Coral Gables v. Jones, 323 Pa. 425, 187A.434 (1936). Real estate in Pennsylvania cannot be community property as defined by community property states as a nullity. Wilcox v. Penn Mutual Life Insurance Co., 357 Pa. 581, 55 A.2d 521 (1947). Everson v. Everson, Supra. Consequently, the exceptions must be dismissed.

## ORDER OF COURT

And now, this April 13, 1981, after due and careful consideration, it is hereby ordered and directed that the exceptions filed by plaintiff are hereby dismissed.