## Weidle v. Weidle

*Paul W. Kilgore,* for plaintiff.
*George E. Christianson,* for defendant.

WALTER, *J.,* November 23, 1984—Before the court is defendant's motion to strike a California judgment filed here by plaintiff pursuant to the

Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S. §4306.

Since the procedural history of this case is pertinent to our determination, it is set forth in detail. The parties were married in 1964 and had two children, born in 1965 and 1971. In 1972, plaintiff and the children left their home in Lebanon County and moved to California.

Plaintiff instituted an action in California for divorce, custody and child support. Defendant entered his appearance by signing an amicable agreement in the presence of his attorney wherein he agreed to pay $50 per month support for each child. The agreement was approved by the California Superior Court on March 7, 1973 and the divorce became final thereafter. Defendant made no payments under that order.

In an effort to enforce the support payments and obtain the arrearages, plaintiff initiated an action under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) in the summer of 1980. She registered the California order in Lebanon County. A hearing was held before a domestic relations hearing officer on October 23, 1980. The hearing officer recommended that defendant pay $17.50 per week for two minor children plus $2.50 per week on arrearages from September 4, 1980. Plaintiff's requests for increased support of $400 per month and $9,000 in arrearages were denied. The court approved this recommendation in a December 23, 1980 order which was not appealed by plaintiff.

Plaintiff returned to the venue of the California courts and petitioned for a modification of the 1973 order. Defendant received notice and service of process for the December 14, 1981 hearing. Support was increased to $200 per month for each child

based on findings that the increased costs of raising two older children and inflation made the 1973 order inadequate. Defendant did not comply with the modified order filed January 14, 1982, and did not appeal it.

Plaintiff reduced the arrearages to a money judgment in California on February 7, 1983, which was filed in Lebanon County on February 23, 1983, pursuant to the Uniform Enforcement of Foreign Judgments Act. Defendant owes $9,930 in arrearages from 1973 and $4,088.99 in accrued interest under the judgment. A rule returnable on March 28, 1983 was issued on plaintiff to show why defendant's amended petition to strike the judgment should not be granted. Plaintiff timely answered and the matter was presented at the October 1984 argument court.

Defendant presents two reasons to strike the judgment. First, he contends plaintiff is estopped from enforcing arrearages dating from 1973 after this court's 1980 order denied her claim for arrearages. Second, he claims he did not receive proper notice of the 1981 modification hearing. Plaintiff argues that the California courts have continuing jurisdiction and therefore have the power to modify the 1973 order. Further, plaintiff asserts RURESA is not the exclusive remedy of plaintiff and proceeding under the Uniform Enforcement of Foreign Judgments Act is a proper alternative remedy. And finally, plaintiff insists defendant received proper notice of the 1981 hearing.

We have considered the arguments raised by both sides and conclude that plaintiff is entitled to enforce her judgment.

Generally, courts are required by the U.S. Constitution, Art. IV, §1, to give "full faith and credit" to judgments rendered by courts of sister states. "The Uniform Enforcement of Judgments Act . . . pro-

vides that any foreign judgment of a court of the United States or of any other court requiring the payment of money shall be entitled to full faith and credit as long as the procedures for filing such judgment in Pennsylvania have been met." Everson v. Everson, 264 Pa. Super. 563, 571, 400 A.2d 887, 891 (1979).

However, the judgment may be stricken if defendant can show lack of jurisdiction or lack of due process on the part of the court which originally awarded the judgment. Id. at 572, 400 A.2d at 892. In Barnes v. Buck, 464 Pa. 357, 364, 346 A.2d 778, 782 (1975), our Supreme Court recognized the above principle but noted that there is a presumption of validity attached to the acts of a foreign court concerning its jurisdiction to act and the regularity of its proceedings when it purports to act on the merits of a case.

In the instant case, defendant argues that the California court lacked jurisdiction to enter judgment on the 1973 order after the Pennsylvania court entered a *new* support order in 1980. Once the Pennsylvania court determined that no arrearages were due, plaintiff could not turn around and reduce the same arrearages to judgment in California. Defendant urges us to strike the California judgment which side-steps the decision of this Pennsylvania court.

It is clear to us that the California court retained jurisdiction over this support matter. Defendant voluntarily entered his appearance in California in 1972, granting California jurisdiction over his person until final resolution of the case, under the California Code of Civil Procedure §410.50(a) and (b). Plaintiff and the children continue to reside in California. However, registering the support order in defendant's home state conferred jurisdiction on

Pennsylvania courts as well, as far as the modifiable portions of the support order are concerned.

Under RURESA, both Pennsylvania and California had the power to enter and/or modify the support order.* Full faith and credit is a courtesy that extends to *final* judgments. Support orders are not final but subject to change: ". . . [T]he Uniform Act did not intend an order of support entered in one state to act as a bar to the entry of an order in another state having jurisdiction. See Commonwealth v. Ladue, 55 D.&C. 2d 216 (1972)." Myers v. Young, 285 Pa. Super. 254, 257, 427 A.2d 209, 211 (1981). 42 Pa.C.S. §6771 contemplates the situation where two jurisdictions enter support orders:

"A support order made by a court of this Commonwealth pursuant to this subchapter does not nullify and is not nullified by a support order made by . . . a court of any other state . . . regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this Commonwealth."

Under this provision it follows that payments made under the Pennsylvania order can also be credited against the California order.

Our approval of plaintiff's efforts to collect arrearages is *partly* attributable to our belief that the Leb-

---

*We are disturbed by the absence of a record from the Lebanon County Domestic Relations Hearing and by the fact the DRHO's report contains but *one* finding of fact: "Plaintiff's weekly take-home pay is $156." It is impossible to evaluate the propriety of reducing the support payments to $17.50 per week; but rightly or wrongly, we did have the power to modify the order.

anon County order was in error in denying arrearages under the California order. The two states differ in permitting courts to modify arrearages. Here, "[t]he court may at any time remit, correct or reduce the amount of any arrearages." 42 Pa.C.S. §6710. In California, a court can modify/terminate *future* support payments but may not modify the decree with respect to payments past due. See Bryant v. Bryant, 326 P.2d 898, 900, 161 Cal.App. 2d 579 (1958); Parker v. Parker, 266 P. 283, 203 C. 787 (1928).

Although Pennsylvania law applies under RURESA since obligor/defendant was present here for the period during which support is sought (42 Pa.C.S. §6747), "the Full Faith and Credit Clause does protect the right to child support payments that have already accrued under the order and *are not retroactively modifiable under the law of the foreign state.*" Silverstein v. Silverstein, 246 Pa. Super. 503, 507, 371 A.2d 948, 951 (1977). (Emphasis added.) This court had only as much leeway to modify the arrearages as the California court had. Plaintiff has been, and remains, entitled to the arrearages she seeks via her judgment.

The second reason to strike asserted by defendant is that he did not receive proper notice of the California modification hearing. We are persuaded by the copies of the sheriff's return and cancelled check for service that defendant was served with notice of the modification hearing.

Plaintiff's remedy under RURESA is not exclusive. 42 Pa.C.S. §6743 states: "The remedies provided in this subchapter are in addition to and not in substitution for any other remedies." We find that plaintiff is entitled to collect the back child support payments by enforcing the California judgment; we will refuse to strike the judgment.

## ORDER OF COURT

And now, this November 23, 1984, defendant's motion to strike is denied for reasons set forth in the accompanying opinion.